# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0804V
UNPUBLISHED

| | |
|---|---|
| MICHAEL THOMAS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 29, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Ronalda Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On May 31, 2019, Michael Thomas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a right shoulder injury related to vaccine administration (SIRVA) as a result of an influenza ("flu") vaccination received on September 16, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 3, 2020, Respondent filed his Rule 4(c) report in which he opposed compensation, asserting that the contemporaneous VAR reflects that Petitioner's flu vaccine was administered in Petitioner's left deltoid, not his right shoulder as alleged. ECF 28 at 8. After allowing the parties the opportunity to file briefs, I issued a ruling finding that

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

there is preponderant evidence to establish that the flu vaccination alleged as causal was administered in Petitioner's right shoulder. ECF 36 at 7. On December 27, 2021, Respondent filed an amended Rule 4 report in which he "advise[d] that he will not defend the case on other grounds during further proceedings before the Office of Special Masters." ECF 41 at 2. While preserving his right to appeal my Findings of Fact, Respondent "submits that [P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the [QAI] for [SIRVA]." *Id*. at 2-3.

Based on the record as it now stands, Respondent states that he does not contest that Petitioner is entitled to compensation in this case. ECF 41 at 9. More specifically, Petitioner had no recent history of pain, inflammation, or dysfunction of his right shoulder; the onset of Petitioner's pain occurred within 48 hours after receipt of an intramuscular vaccination; Petitioner's pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's right shoulder pain. *Id*. In addition, Petitioner suffered the residual effects of his condition for more than six months. *Id*.

**Therefore, in view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master